CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 16 2015

JULIA C. DUDLEY, CLERK
BY: /s/
 DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal Action No. 3:93CR70058 |
| | (Civil Action No. 3:14CV80715) |
| v. | |
| | **MEMORANDUM OPINION** |
| BRIAN S. GRIMMOND, | |
| | By: Hon. Glen E. Conrad |
| Defendant. | Chief United States District Judge |

Brian S. Grimmond, a federal inmate proceeding pro se, has moved to vacate, set aside, or correct his sentence, under 28 U.S.C. § 2255.[1] Grimmond challenges his life sentence, arguing that counsel provided ineffective assistance by failing to object to Grimmond's erroneous classification as a career offender. The government has filed a motion to dismiss, and Grimmond has responded.

The matter is now before the court on the report and recommendation of the United States Magistrate Judge, prepared pursuant to 28 U.S.C. § 636(b)(1)(B), with recommended findings of fact and conclusions of law. The report recommended that the motion to dismiss be granted. Grimmond has filed objections to the report.

The magistrate judge makes only a recommendation to this court. Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of any portions of the magistrate judge's report to which a specific objection is made. 28 U.S.C. § 636(b)(1). After de novo review of the portions of the report to which Grimmond objects, the court concludes that his objections must be overruled. The court will adopt the report and recommendation in its entirety and grant respondent's motion to dismiss.

---

[1] Grimmond was sentenced by United States District Judge Samuel G. Wilson. Judge Wilson has now retired, and the motion has been assigned to the undersigned United States District Judge.

Grimmond claims that counsel provided ineffective assistance by failing to object to his improper classification as a career offender in the presentence investigation report ("PSR") and at sentencing. Grimmond argues, and the government concedes, that one of the predicate convictions used to establish his status as a career offender, unlawful entry of a dwelling, is a nonviolent misdemeanor offense that may not be used to establish career offender status under U.S.S.G. § 4B1.1.[2] However, Grimmond did not collaterally attack his conviction or sentence before the one-year limitations period in § 2255(f)(1) expired.[3] Grimmond argues that his § 2255 petition is timely because he is "actually innocent" of being a career offender.

The magistrate judge recommended granting the government's motion to dismiss because Grimmond's § 2255 motion is untimely. The judgment of conviction became final on October 5, 1998, when the United States Supreme Court denied Grimmond's petition for a writ of certiorari, and the one-year limitations period expired on October 6, 1999. Grimmond did not file his § 2255 petition until March 13, 2014.

Grimmond objects to the conclusion that his § 2255 motion is untimely and argues that the decision of the United States Court of Appeals for the Fourth Circuit in <u>United States v. Maybeck</u>, 23 F.3d 888 (4th Cir. 1994) entitles him to equitable tolling. However, Grimmond's

---

[2] However, Grimmond had another conviction which likely qualified as a career offender predicate offense. The sentencing court could have relied on Grimmond's August 1991 conviction for attempting to possess cocaine with intent to distribute to enhance Grimmond's sentence under the career-offender guideline. (PSR ¶ 31, ECF No. 57); See D.C. Code §§ 48-904.01(a)(1)(A) (1991), 48-904.09 (1981) (attempted possession with intent to distribute cocaine punishable by not more than 30 years' imprisonment); U.S.S.G. §§ 4B1.1, 4B1.2(2) app. nn.1, 3 (1991); see also United States v. Moore, 209 F. Supp. 2d 180, 182 (D.D.C. 2002) ("[The parties] concede that Moore's previous convictions for attempted possession with intent to distribute [cocaine] qualify as controlled substance offenses for the purposes of U.S.S.G. § 4B1.2(b).").

[3] A federal prisoner must file his § 2255 motion within one year of the date on which: (1) the judgment of conviction becomes final; (2) the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f)(1) - (4).

objection merely reiterates argument he presented in his petition. Grimmond's argument that Maybeck is "controlling precedent which is exactly on point and leaves no room for any other conclusion but the fact that [his § 2255 petition] is timely" is incorrect for the reasons stated in the report. (Pet'r Objections at 1, ECF No. 100.)

Accordingly, the court will overrule Grimmond's objections, adopt the report and recommendation in its entirety, and grant the motion to dismiss. An appropriate order will enter this day.

**ENTER:** This 16th day of July, 2015.

/s/ Glen Conrad
Chief United States District Judge

3

Case 3:93-cr-70058-GEC-RSB   Document 101   Filed 07/16/15   Page 3 of 3   Pageid#: 156