CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 2 3 2015

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 3:93CR70058-02 |
| v. | **MEMORANDUM OPINION** |
| BRIAN S. GRIMMOND, | By: Hon. Glen E. Conrad |
| Defendant. | Chief United States District Judge |

On July 23, 1996, a jury convicted the defendant, Brian S. Grimmond, of a number of federal criminal offenses, including conspiracy to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and using or carrying a firearm during and in relation to a federal drug trafficking crime, in violation of 18 U.S.C. § 924(c). He was subsequently sentenced to a total term of imprisonment of life plus 60 months.[1] The defendant has now moved for a reduction in sentence under 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines. For the following reasons, the motion must be denied.

Pursuant to its statutory authority, the United States Sentencing Commission has amended the Drug Quantity Table in § 2D1.1 of the Sentencing Guidelines, which provides the base offense levels for most federal controlled substance offenses (Amendment 782). The Sentencing Commission has further decided that, effective November 1, 2015, the amended guideline provisions will apply retroactively to defendants who were sentenced under prior versions of the Guidelines and who are still incarcerated. The practical effect of the Sentencing Commission's actions is that certain federal defendants convicted of offenses involving controlled substances may be eligible for a reduction in their current sentences, pursuant to 18 U.S.C. § 3582(c)(2).

---

[1] United States District Judge Samuel G. Wilson presided over the defendant's sentencing hearing. Judge Wilson has since retired.

"Section 3582(c)(2) authorizes a district court to modify a defendant's term of imprisonment when the defendant 'is sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.'" United States v. Hood, 556 F.3d 226, 231 (4th Cir. 2009) (quoting 18 U.S.C. § 3582(c)(2)) (emphasis in original). Thus, to be the basis of a reduction under § 3582(c)(2), an amendment to the Sentencing Guidelines "must have 'the effect of lowering the defendant's applicable guideline range.'" Id. (quoting U.S.S.G. § 1B1.10(a)(2)(B)) (emphasis in original).

In the instant case, the defendant was designated as a career offender. As a result of this designation, the defendant's base offense level and resulting custody range were derived from the career offender provisions of § 4B1.1 of the Sentencing Guidelines. "Amendment 782 amended § 2D1.1" of the Sentencing Guidelines; it "did not lower the sentencing range established for a career offender by § 4B1.1." United States v. Thomas, 775 F.3d 982, 983 (8th Cir. 2014). Consequently, the defendant is not eligible for a sentence reduction under § 3582(c)(2), since Amendment 782 did not have the effect of lowering the defendant's applicable guideline range. Id.; see also United States v. Fritz, No. 15-6729, 2015 U.S. App. LEXIS 18371 (4th Cir. Oct. 22, 2015) (holding that the district court correctly concluded that the defendant was not eligible for a sentence reduction based on Amendment 782, since he was sentenced as a career offender under § 4B1.1). For these reasons, the defendant's motion for reduction in sentence must be denied.[2]

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the defendant and all counsel of record.

DATED: This 23rd day of November, 2015.

_____
Chief United States District Judge

---

[2] The court notes that if the defendant's career offender status is ever overturned and it becomes necessary for the defendant to be resentenced, he may request that the current version of the Sentencing Guidelines be considered in determining a new sentence.

2